**FILED - GR**
December 7, 2018 12:04 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_mkc__ SCANNED BY: /s/

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

                              Case No. 1:18-cv1231

BEN CARSON, et al.,                HON. JANET T. NEFF

    Defendants.                       Magistrate Judge Ellen S. Carmody

EXPIDIATED CONSIDERATION REQUESTED

_____/

**REQUEST PERMISSION TO FURTHER AMEND COMPLAINT;
AND REQUEST THAT COURT APPOINT AN ATTORNEY FOR DOE**

**MOTION TO FILE 2ND AMENDMENT TO COMPLAINT**

Doe requests permission to file another amendment to the complaint. The initial complaint filed November 2, 2018 was premised on federal disability law. The first amendment to the complaint was done as of right per Federal Rule of Civil Procedure Rule 15(a)(1)(A) in the first three weeks of filing (service was effected on November 23, 2018 but could be not be filed with the court until November 26, 2018 because court was closed for the Thanksgiving holiday) and was to establish the constitutional claims. Doe has realized some legal foundation is not clear in those filings as concerns claims which are not under disability law per se, nor constitutional law.

In paragraph 33 of the original complaint, Doe cites 42 U.S.C. §2000e-5(f)(2) which states, "it shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited." This citation is given in the remedies section for the violations of Americans with Disabilities at 29 U.S.C. §794a.

The reason this request is particularly asked to be expedited. is due to the possibility that Doe could need to move in a period of a few months if her son's job location changes. Although the primary resolution of claims would apply to Doe in any state as concerns the responsibility of HUD, relief still applies to MSHDA to make corrections in figuring accurate calculations for prior periods even if or when Doe moves. It would create a significant hardship to move without their resolution, particularly in light of Doe needing the monetary corrections to be made such that she will have adequate funds to move. Doe isn't even clear that even though Doe needs to live near her son, that she would be accommodated in being given a portability voucher by MSHDA in the correct time-frame to make it happen without the assistance of the court. This need like many others is not easy to anticipate. That's the whole reason flexibility needs to exist in accommodations. A disabled person cannot expect to need to go to court every time a need arises. Particularly if each issue takes a long time to even be heard by the court.

Doe is or will be submitting a Motion to Maintain Anonymity. Doe called each of the four defendants listed on the complaint to coordinate and discuss that motion to determine if they objected. Doe was told by an Assistant US Attorney who is across the street from the court that they haven't been served the initial complaint that was filed November 2, 2018. Doe has no idea

what is going on there and will be inquiring at the time this is filed. Doe was asked if she had received a confirmation of service. She has not and was not aware that she should receive this. Doe had thought that serving defendants would be done in a timely way and never gave it a second thought. Doe has been thinking defendants would file their responses by January 2, 2019, 60 days after Doe submitted the complaint.

A representative from DOJ said to know with whom to speak there, Doe would need to check the court files on the case and see if anyone has entered an appearance. Doe will ask about this in the clerk's office. Doe also thought that for anything like an attorney making an appearance for a defendant, that Doe would have received something in the mail. Doe is checking the mail every third business day. Doe set up a PACER account but is confused both about using the account and about the money since it appears charges can be made for even opening documents and also can't be printed without money and Doe can't afford to overdraw her bank account due to unknown charges--the bank account runs to the limit at the end of each payment cycle. Doe doesn't see a way to anticipate what any PACER charges would be. Doe is hopeful she can look up this case on the computer in the clerk's office to see if there is anything else happening which is unknown to Doe. Technical complexity is one of the biggest challenges for Doe. That and math. It takes frequent consultation with Doe's son (in using the laptop) and library staff (in being able to print) to produce any of these filings. If Doe can just go to the court to look at those files every few days when checking the mail, that will be easier if Doe will not be receiving notice of all activity in the mail.

Doe did not receive return calls from MSHDA or HUD.

## BRIEF REGARDING REQUEST TO FILE 2ND AMENDMENT TO COMPLAINT

Doe has just realized that it was not clear in the initial and/or first amendment to that complaint that the Department of Housing and Urban Development had other statutory duties in regard to their actions and inactions as concerns Doe's Section 8 voucher that are not comprised within the Americans with Disabilities Act. In the other two filings, Doe discussed the issues for which HUD had a duty, but Doe failed to adequately identify the legal foundation outside of disability law. Per 24 CFR §8.56(b) the civil rights officer at HUD is required to conduct an investigation upon being notified of a possible civil rights violation. Such a finding would enable HUD to withhold further grants if informal efforts to get MSHDA to follow the law didn't succeed. But HUD also has other aspects of statutory responsibility outside of components of the U.S. Code and CFR disability sections of the law. In significant matters, MSHDA has with the knowledge and therefore tacit approval of HUD, disregarded laws which are applicable to all persons, not only disabled individuals. The harm of those being disregarded has intensive effects on a disabled person. If HUD had resolved all the matters under the purview of the civil rights officer, no separate claims would be required. They could have straightened out all matters at once. Doe had been of the understanding when receiving the letter from HUD Chicago saying there were not disability violations, that the entirety of the matters would be resolved by the HUD representative in Detroit outside of disability law to whom she was referred. Doe wrote to that office four times and never got a response. Since no matters were addressed within or outside of disability law and Doe is forced to pursue legal remedies from the court, it appears Doe is required to call out the foundation for HUD and MSHDA responsibilities which fall outside the precise bounds of disability law.

Finding all applicable sections requires Doe to go back through eleven plus binders of notes to identify specific citations. By the time of filing anything Doe had such a deluge of information it was an enormous challenge to sort things out. By the time Doe gets through various parts of the law, it's been so long since seeing the first ones, it's like continually starting over.

Doe presumes other Plaintiffs would include the all of the federal and constitutional claims with all of the appropriate foundation in the first complaint. That has proven impossible for Doe to achieve. Having been so intimidated by this whole process and very specifically intimidated by constructing a complaint, Doe waited until the last day of the 3 years under the statute of limitations as expressed in the Michigan Statutes, mcl 600.5805(2) [incorrectly expressed as 600.5805(10) in a previous filing] from the time that Doe had an inkling that the figuring had not been done accurately, but which was not confirmed for a period of months after that. Persons with experience in litigation would doubtless have included state claims, but it is entirely beyond Doe's capacity to try to study another chunk of law right now and those claims will not be attempted in this suit.

## MOTION FOR APPOINTMENT OF AN ATTORNEY

In paragraph 33 of the original complaint, Doe cited to 42 U.S.C. §2000e-5(f)(1) wherein it is stated that the court may appoint an attorney. Doe understands it's quite unusual for an attorney to be appointed in a civil case. Nonetheless, it should be something considered when dealing with someone who is mentally impaired.

## BRIEF REGARDING APPOINTMENT OF ATTORNEY

HUD and MSHDA and even DOJ have been provided a copy of the Request for Accommodations Doe made in November 2013 wherein Doe's doctor delineated her limitations. Doe has had numerous medication changes since then and in some ways has improved, and strangely in other ways has further declined. But lest anyone think Doe has arrived anywhere near adequate functioning, Doe has enclosed a redacted decline to an insurance application from last spring where they have identified the medical issues which have precluded coverage. If anyone can imagine that someone dealing with bipolar disorder, obsessive compulsive disorder, anxiety, depression, and attention deficit disorder to be right on top of things, then that would be an erroneous expectation. Those diagnoses were obtained by the insurance company directly from Doe's medical records. There are also problems not mentioned on the letter including borderline personality disorder which has its own challenges.

Doe's inexperience in litigation is a significant handicap. The Assistant U.S. Attorney asked if Doe had legal representation. Someone with these disabilities would typically have a life that has fallen apart to the point of having no money to pay an attorney. Anyone who thinks either a pro bono attorney or one willing to wait to be paid if the suit is won is reasonably possible to find has probably not tried to find one on such terms. Doe contacted well over a dozen attorneys, and numerous organizations who say they help veterans or disabled persons or poor people. Not only were all the answers sorry but no, a couple of these persons without law degrees and having no exposure to the specifics of this law whatsoever tried to tell Doe she doesn't have a case. It's ludicrous that someone with no legal training would think they are qualified to determine that. It

Doe requests that the court issue a permanent injunction prohibiting the defendants from publicly identifying Doe by name or other personal identifiers, and stipulate that if or when documents are submitted to the court, they will be redacted with originals filed under seal not to be unsealed at any point in the future. And the court likewise agrees not to identify Doe in regard to this litigation.

If the court approves this request, Doe will submit an affidavit with relevant identifying information. Doe also requests that this suit be expedited in any way possible.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon Defendants, to include Carson, Poleski, the Attorney General, and U.S. Attorney via first class U.S. mail to the addresses listed on the original complaint on December 7, 2018.

December 7, 2018

s/ _____
JANE DOE
Pro Se
PO Box 230721
Grand Rapids, MI 49523
court.docs.only.0@gmail.com
239.537.5966