UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:18-cv-1231

BEN CARSON, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on <u>Plaintiff's Motion to Amend Complaint and for Appointment of Counsel</u>. (ECF No. 11). As discussed below, Plaintiff's motion is **denied**.

    A.    Motion to Amend

Plaintiff seeks to amend her complaint, but has failed to submit a proposed amended complaint. To properly evaluate Plaintiff's request, and to prevent later confusion on the part of the parties and the Court, Plaintiff must submit with any motion to amend a *complete* proposed amended complaint. Plaintiff's motion to amend her complaint is, therefore, denied.

    B.    Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel." In civil actions, however, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"); *Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir., June 20, 2012)

("appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances").

When examining requests such as this, courts have generally considered factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented.  *See McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06.   At this juncture, the Court finds absent the factors warranting the appointment of counsel.  Should such factors become apparent at a later time, the Court may reconsider its decision.   Accordingly, Plaintiff's request for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated: January 4, 2019                               /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     U.S. Magistrate Judge