UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:18-cv-1231

BEN CARSON, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Retain Anonymity. (ECF No. 12). Plaintiff initiated this action against: (1) Ben Carson, Executive Director of the United States Department of Housing and Urban Development; (2) Earl Poleski, Executive Director of the Michigan State Housing Development Authority; and (3) the United States of America. Plaintiff alleges violations of the Americans with Disabilities Act (ADA) with respect to her attempts to obtain government subsidized housing. Plaintiff now moves to be permitted to proceed in this matter anonymously. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and, furthermore, that **Plaintiff either amend her complaint to properly identify herself or this action be dismissed for lack of jurisdiction**.

The Federal Rules of Civil Procedure expressly require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, *Ericksen v. United States*, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("[t]he public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)"). Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See*, *e.g.*, *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636

(6th Cir., Jan. 3, 2005).  When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter.  *See Marsh*, 123 Fed. Appx. At 636-37 ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because. . .the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them").  While Defendants have not expressed any objection to Plaintiff proceeding anonymously, the Court nevertheless has an obligation to address the matter given that it affects the Court's jurisdiction.

While Plaintiff is arguably challenging government activity, none of the other factors weigh in favor of her request.  The second factor, whether prosecution of the action will compel Plaintiff to disclose information "of the utmost intimacy," concerns "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families."  *G.E.G. v. Shinseki*, 2012 WL 381589 at *2 (W.D. Mich., Feb. 6, 2012).  While Plaintiff repeatedly asserts the conclusion that her free speech rights will be chilled if she is required to pursue this action openly, she fails to persuade the Court that pursuit of her claims will compel Plaintiff to reveal information "of the utmost intimacy."

The Court recognizes that prosecution of this action appears to implicate Plaintiff's medical condition and/or treatment.  While the Court is sympathetic to Plaintiff's desire to maintain a certain level of privacy vis-à-vis her medical impairments and/or treatment, Plaintiff can request that such records be submitted to the Court under seal pursuant to Local Rule of Civil Procedure 10. Accordingly, this factor weighs against Plaintiff's request.   The final two factors both weigh against Plaintiff's request as neither are applicable to Plaintiff's circumstance.

## CONCLUSION

In sum, consideration of the relevant factors weighs against Plaintiff's request to proceed anonymously.  Accordingly, the undersigned recommends that Plaintiff's Motion to Retain Anonymity, (ECF No. 12), be **denied**.  The undersigned further recommends that **if Plaintiff fails to amend her complaint, to identify herself by her legal name, within twenty-one (21) days after the adoption of the aforementioned recommendation, that this matter be dismissed for lack of jurisdiction.**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 4, 2019                                                                  /s/ Ellen S. Carmody
                                                                                                    ELLEN S. CARMODY
                                                                                                    U.S. Magistrate Judge

3