UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

BEN CARSON, et al.,

    Defendants.

_____/

Case No. 1:18-cv-1231

HON. JANET T. NEFF

## OPINION AND ORDER

The matter is presently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation, recommending that this Court deny Plaintiff's Motion to Retain Anonymity. The Magistrate Judge further recommends that Plaintiff either amend her complaint to properly identify herself or this action be dismissed for lack of jurisdiction. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's objections concern the second factor that courts consider in determining whether a plaintiff should be permitted to prosecute an action anonymously, to wit: whether prosecution of the action will compel the plaintiff to disclose information "of the utmost intimacy." Plaintiff argues that in considering this factor, the Magistrate Judge did not adequately weigh the stigma of mental illness (Pl. Obj., ECF No. 26 at PageID.120). Plaintiff argues that merely submitting her medical records under seal, as the Magistrate Judge suggested, does not sufficiently accommodate

her disability (*id.*). According to Plaintiff, she will "never be able to work again if the court insists on putting a permanent record on the internet of this illness in her real name" (*id.* at PageID.121).

Plaintiff's argument demonstrates her disagreement with the manner in which the Magistrate Judge weighed the second factor, but Plaintiff's argument fails to demonstrate any factual or legal error by the Magistrate Judge. The Court agrees with the Magistrate Judge that concerns about stigma and scrutiny from prospective employers do not involve information "of the utmost intimacy"; rather, they constitute the type of concerns harbored by other similarly situated litigants who file lawsuits under their real names. Further, even assuming arguendo that Plaintiff satisfied the second factor, the second factor is not dispositive. Plaintiff's argument fails to demonstrate any error in the Magistrate Judge's ultimate conclusion that all four factors, considered together, do not demonstrate the exceptional circumstances necessary to remove this case from the general rule requiring that a plaintiff's complaint "must name all the parties." Therefore, the Court, in its discretion and consistent with the Magistrate Judge's recommendation, will deny Plaintiff's motion and require Plaintiff to file an Amended Complaint to properly identify herself in compliance with Federal Rule of Civil Procedure 10(a), or this action will be dismissed for lack of jurisdiction. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 26) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Retain Anonymity (ECF No. 12) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that if Plaintiff fails to amend her complaint to identify herself by her legal name within twenty-one (21) days after entry of this Opinion and Order, then this matter will be dismissed for lack of jurisdiction.

Dated: May 3, 2019   /s/ Janet T. Neff  
JANET T. NEFF  
United States District Judge