## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: May 06, 2020

Ms. Jane Doe
P.O. Box 230721
Grand Rapids, MI 49523

Mr. Erik Alwyn Graney
Office of the Attorney General
of Michigan
P.O. Box 30754
Lansing, MI 48909

Ms. Jeanne Frances Long
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Re: Case No. 19-1566/19-1714, *Jane Doe v. Ben Carson, et al*
Originating Case No.: 1:18-cv-01231

Dear Ms. Doe and Counsel,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Antoinette Macon
Case Manager
Direct Dial No. 513-564-7015

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

Nos. 19-1566/1714

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 06, 2020
DEBORAH S. HUNT, Clerk

JANE DOE,

    Plaintiff-Appellant,

v.

BEN CARSON, as Executive Director, U.S. Department of Housing and Urban Development, et al.,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

O R D E R

Before: SUTTON, McKEAGUE, and NALBANDIAN, Circuit Judges.

Jane Doe, a Michigan litigant proceeding pro se, appeals the district court's orders denying her motion to amend her complaint and denying her motion to retain her anonymity. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Doe filed a complaint against Ben Carson as Executive Director of the United States Department of Housing and Urban Development, Earl Poleski as Executive Director of the Michigan State Housing Development Authority, the United States, and the United States Attorney, claiming disability discrimination in violation of the Rehabilitation Act and the Americans with Disabilities Act with respect to her participation in the housing voucher program. Doe alleged that she is a qualified individual with a disability and that her disability is "brain dysfunction" or "mental illness."

Doe subsequently filed an amendment to her complaint. Doe then filed a motion to further amend her complaint and for appointment of counsel and a motion to retain her anonymity. A magistrate judge denied Doe's motion to amend her complaint and for appointment of counsel. With respect to Doe's motion to retain her anonymity, the magistrate judge recommended that Doe's motion be denied and that the case be dismissed if she failed to amend her complaint to identify herself by her legal name. Over Doe's objection, the district court adopted the magistrate judge's report and recommendation, denied Doe's motion to retain her anonymity, and ordered Doe to file an amended complaint identifying herself within twenty-one days. Doe filed a notice of appeal (No. 19-1566). To the extent that Doe's interlocutory appeal could be construed as an appeal to the district court from the magistrate judge's order denying her motion to amend her complaint and for appointment of counsel, the district court denied her appeal. Because Doe did not file an amended complaint identifying herself within twenty-one days, the district court dismissed her case. Doe filed another notice of appeal (No. 19-1714).

On appeal, Doe challenges the denial of her motion to amend her complaint and the denial of her motion to retain her anonymity. Doe moves this court for assignment to a new judge if this case is remanded to the district court.

The district court denied Doe's motion to further amend her complaint because she failed to submit a proposed amended complaint. Doe argues on appeal that providing a copy of her amended complaint in advance would be "very arduous and expensive" and that "going through the effort only to have it rejected would be very difficult." Federal Rule of Civil Procedure 15(a)(2) provides that the district court "should freely give leave [to amend] when justice so requires." However, "the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). Because Doe did not submit her proposed amended complaint, merely asserting in her motion to amend that the defendants had other statutory duties falling outside disability law, the district court did not abuse its discretion in denying her motion. *See id.* at 906–07.

The district court denied Doe's motion to retain her anonymity and subsequently dismissed her case when she failed to file an amended complaint identifying herself. We review the district court's denial of Doe's motion to retain her anonymity for abuse of discretion. *See D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016).

"As a general matter, a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). "Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order." *D.E.*, 834 F.3d at 728. "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam). In determining "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings," courts consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

In her motion to retain her anonymity, Doe acknowledged that the defendants must know her identity to respond to her complaint, but asked that the district court permanently seal information about her identity and that the defendants be prohibited from "publishing" information about her identity or the nature of her medical issues. Doe asserted: "Revealing medical diagnoses of brain disorders and the effects thereof of any person relevant to their mental health renders an individual subject to fear, paranoia, ridicule and intimidation due to the public's inadequate understanding and false negative assumptions of the true nature of unseen disabilities."

In recommending that Doe's motion be denied, the magistrate judge noted that she "arguably" challenged governmental activity but found that none of the other *Porter* factors weighed in favor of her request. The magistrate judge was unpersuaded that pursuit of her claims would compel Doe to disclose information "of the utmost intimacy." Although the magistrate

judge sympathized with Doe's desire to maintain privacy with respect to her medical impairments and treatment, the magistrate judge stated that she could request submission of her medical records under seal.  Doe objected to the magistrate judge's report and recommendation, asserting that "the stigma of mental illness is one of the worst ones in society," that the submission of medical records under seal would not avoid "revealing the fact of mental illness which is the main subject of every section of the complaint," and that she would "never be able to work again if the court insists on putting a permanent record on the internet of this illness in her real name."

The district court adopted the magistrate judge's report and recommendation and denied Doe's motion to retain her anonymity.  The district court agreed with the magistrate judge that "concerns about stigma and scrutiny from prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated litigants who file lawsuits under their real names."  The district court pointed out that, even assuming that Doe satisfied the second factor, that factor was not dispositive.  According to the district court, Doe failed to demonstrate any error in the magistrate judge's ultimate conclusion that all four *Porter* factors, considered together, did not establish exceptional circumstances to warrant an exception from the general rule under Rule 10(a) that a plaintiff's complaint "must name all the parties."

The district court, having considered the relevant factors in determining that Doe failed to establish exceptional circumstances to overcome the presumption of open judicial proceedings, did not abuse its discretion in denying her motion to retain her anonymity.  Doe asserted that Congress, in enacting the Americans with Disabilities Act, recognized the discrimination and prejudice faced by persons with disabilities and that "the stigma of mental illness is one of the worst ones in society."  But Doe failed to identify any exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness.  As Doe acknowledged in her motion, "[t]his decision affects Doe and any victim of disability discrimination likewise situated."  Nor did Doe identify any specific harm arising from disclosure of her identity.  Doe, who alleged in her complaint that she is completely disabled and unable to work, speculated that she would "never be able to work again" if the district court

required her identification. In the case cited by Doe, *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014 (D.D.C. Sept. 27, 2018), the plaintiff alleged that the defendants humiliated and harassed him based on his sensitive mental conditions, which he had kept confidential for twenty-five years, and asserted that public identification would cause him to be traumatized again. *Id*. at *4. Unlike the plaintiff in that case, Doe did not assert any harassment by the defendants or claim any potential exacerbation of her mental illness.

Doe argues on appeal that she has a First Amendment right to petition for the redress of grievances without roadblocks keeping her from exercising that right. Because any lawsuit against the government would implicate the First Amendment right to petition for redress of grievances, Doe's argument fails to show exceptional circumstances warranting the use of a pseudonym. Doe also contends that statutes such as the Freedom of Information Act and the Health Insurance Portability and Accountability Act provide for the protection of private medical information. Although these laws support the nondisclosure of medical records, they do not entitle Doe to litigate under a pseudonym.

The district court did not abuse its discretion in determining that Doe's case did not present exceptional circumstances to excuse her from Rule 10(a)'s requirement that a plaintiff's complaint "must name all the parties." Doe does not challenge the district court's subsequent dismissal of her case for failure to file an amended complaint identifying herself. Regardless, because the district court did not abuse its discretion in denying Doe's motion to retain her anonymity, the district court properly dismissed her case based on her failure to comply with Rule 10(a) by filing an amended complaint identifying herself. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010) (affirming dismissal of case based on the plaintiffs' failure to disclose their identities).

Nos. 19-1566/1714
- 6 -

For these reasons, we **AFFIRM** the district court's orders and **DENY** Doe's motion for assignment to a new judge as moot.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

Case 1:18-cv-01231-JTN-ESC   ECF No. 36,  PageID.187   Filed 05/06/20   Page 7 of 7   (7 of 7)